UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR FERNANDO MURILLO
TIRADO (A# 246-569-737),

Petitioner,

v.

WARDEN, CALIFORNIA CITY
CORRECTIONAL CENTER,

Respondent.

No. 2:26-cv-1028 TLN SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding pro se with a habeas corpus action pursuant to 28 U.S.C. § 2241. Chief District Judge Nunley referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 9.

**I.      Factual and Procedural History**

Petitioner is a citizen and native of Colombia who entered the United States without inspection on December 25, 2022. ECF No. 8 at 19-20. Petitioner was apprehended shortly thereafter and granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A) without the issuance of charging documents. Id. Officials served Petitioner with a notice to appear on April 2, 2024, and charged him as inadmissible under 8 U.S.C. § 1182(a)((7)(A)(i)(I) (immigrant without a valid travel document). Id. at 22. Immigrations and Customs Enforcement ("ICE") agents re-detained Petitioner on December 2, 2025, at Broward (Florida) County Jail following his arrest for

1

loitering and burglary.  Id. at 46-47.  He is currently detained in the California City Correctional Center within this judicial district.  ECF No. 1 at 2.

Petitioner filed this § 2241 petition and a motion for temporary restraining order ("TRO") on March 23, 2026.  ECF Nos. 1 and 2.  Petitioner alleged that his continued detention without bond violation the Immigration and Nationality Act ("INA") and Due Process Clause of the Fifth Amendment.  Id. at 8-9.  He sought his immediate release or, in the alternative, a prompt bond hearing before an immigration judge ("IJ") at which the government must prove by clear and convincing evidence that he poses a risk of danger or flight.  Id. at 9.

Citing his previous analogous decisions, including Jose G. M. L. v. Warden of the Golden State Annex Det. Facility, No. 1:26-cv-0047 TLN EFB, 2026 WL 472987 (E.D. Cal. Feb. 19, 2026), Chief District Judge Nunley determined that Petitioner's detention violated due process and granted Petitioner's TRO motion via minute order:

> Accordingly, Petitioner's Motion for TRO is GRANTED. Respondents must provide a bond hearing within three (3) days of this Order where Respondents bear the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. The decisionmaker must consider Petitioner's financial circumstances for bond and alternative conditions of release. *Hernandez v. Sessions,* 872 F.3d 976, 991 (9th Cir. 2017). At the hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or flight risk, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral decisionmaker at the hearing. Within five (5) days, Respondent must file a notice of compliance and identify the outcome of the bond hearing. Respondents may apply to the Court for modification or dissolution of the TRO on two days' notice to Petitioner.

ECF No. 9.  Judge Nunley ordered Respondent to provide Petitioner with a bond hearing where Respondent "bear[s] the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk."  Id.  Judge Nunley then referred the matter to the undersigned for further proceedings.  Id.

On April 2, 2026, Respondent notified the Court that Petitioner received a bond hearing before IJ Vikram Badrinath and was denied bond.  ECF No. 10 at 1.  Petitioner reserved appeal and appears to have timely appealed the bond decision to the Board of Immigration Appeals ("BIA").  Id.; see also ECF No. 13 (Petitioner's BIA appeal dated Apr. 17, 2026).

Arguing that Petitioner received the alternate relief he sought in his petition, Respondent

requested that the Court dismiss the petition as moot.  Id. at 1-2.  At the Court's request, Respondent subsequently filed the IJ's written decision and the transcript of the bond hearing.  ECF No. 12.  The undersigned also gave Petitioner leave to respond to Respondent's request to dismiss the petition as moot.  ECF No. 11.  In response, Petitioner filed his appeal to the BIA that details his reasons for disagreeing with the IJ's decision.  ECF No. 13.

**II.     Legal Standard**

Article III, Section 2 of the Constitution limits federal courts to the adjudication of actual, ongoing controversies between litigants.  Deakins v. Monaghan, 484 U.S. 193, 199 (1988).  "The case-or-controversy requirement demands that, through all stages of federal judicial proceedings, the parties continue to have a personal stake in the outcome of the lawsuit."  United States v. Verdin, 243 F.3d 1174, 1177 (9th Cir. 2001) (internal quotation marks and citation omitted).  "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted."  Ruiz v. City of Santa Maria, 160 F.3d 543, 549 (9th Cir. 1998).  Respondents bear the burden of demonstrating the lack of any effective relief that the court can provide.  See Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006).

**III.    Analysis**

In his TRO ruling, Judge Nunley granted Petitioner's alternate remedy of a "prompt bond hearing" (ECF No. 1 at 9) before an IJ where the government bore the burden of proving by clear and convincing evidence that he was not a danger or flight risk.  ECF No. 9.  Judge Nunley also explicitly ordered that Petitioner "shall be allowed to have counsel present" at the hearing.  ECF No. 9.  Because of his pro se status, the undersigned directed Respondent to file the IJ's written ruling and the transcript of the hearing to evaluate Respondent's argument that Petitioner received his requested relief.[1]  ECF No. 11.

The written decision and transcript reflect that the IJ properly identified DHS as bearing the burden of proof pursuant to Judge Nunley's TRO order.[2]  ECF No. 12 at 7-8, 16.  However,

---

[1]  In the notice of compliance, Respondent explained that the IJ's written decision was not available yet, but that Respondent was willing to supplement the record once EOIR provides it.  ECF No. 10 at 1, n.1.

[2]  Although it is immaterial to the outcome, the IJ incorrectly identified the TRO order as

the transcript shows that the IJ effectively denied Petitioner's request to continue the proceeding to allow him to find counsel on grounds it would violate the timeline in Judge Nunley's order:

> JUDGE TO MR. MURILLO TIRADO:
> All right. Very good, sir. We are here for a bond hearing today. And I see that you're appearing without a lawyer.  Would you like to proceed for your bond hearing without an attorney?
>
> MR. MURILLO TIRADO TO JUDGE:
> With all due respect, your honor, I wasn't aware that I had a scheduled court hearing, bond court hearing today. So, I don't know what possibilities I have.
>
> JUDGE TO MR. MURILLO TIRADO:
> All right. Well, I understand, sir, but I'm asking you if you want to proceed with an attorney or without an attorney.
>
> MR. MURILLO TIRADO TO JUDGE:
> With all due respect, your honor, is there any possibility that I could have more time in order to get an attorney for this situation for which I'm not prepared for?
>
> JUDGE TO MR. MURILLO TIRADO:
> All right. Well, I see that you have filed a petition for writ of habeas corpus. Did you do that through a lawyer or on your own?
>
> MR. MURILLO TIRADO TO JUDGE
> I did it with the help of a paralegal.
>
> JUDGE TO MR. MURILLO TIRADO:
> All right. Have you been in contact with an attorney?
>
> MR. MURILLO TIRADO TO JUDGE:
> I've been trying to do that. I had a court last Friday and they gave me a list in order to do that. So, I don't know if – and again, there wasn't much time afterwards, after that hearing on Friday. I didn't know that I was going to be scheduled so soon for a hearing today. So, I don't know, if I don't have an attorney, will I be able to – will I be granted a bond and be able to be set free and leave or on a habeas corpus? I don't know what the judge will decide.
>
> JUDGE TO MR. MURILLO TIRADO:
> All right, sir. The problem is, is that the district court ordered this court to conduct a hearing within five days. And that order was issued on the 27th of March. And today is already the third day. If you do not have an attorney at this point, it's unlikely that you're going to find an attorney in the next day and a half. So, because the court is under an order of the district court to conduct this proceeding, we will proceed today. All right. So, I'm going to mark the documents into the record. Please follow along.

ECF No. 12 at 12-14.

It is evident from this hearing transcript that—while attempting to comply with the five-

___

originating from the U.S. District Court, District of Utah.  ECF No. 12 at 7.

day timeline set by the TRO—the IJ did not honor the portion the TRO directing that plaintiff be allowed to have counsel present.  Although Petitioner has not filed a motion to enforce Judge Nunley's edict, district courts have inherent power to enforce TROs.  Shillitani v. United States, 384 U.S. 364, 370 (1966); California Dep't of Soc. Servs. v. Leavitt, 523 F.3d 1025, 1033 (9th Cir. 2008) (same); see also Crawford v. Honig, 37 F.3d 485, 488 (9th Cir. 1994) ("[D]istrict courts have continuing jurisdiction to enforce their injunctions.").  Accordingly, the undersigned finds that the interests of justice require not dismissal, but a second bond hearing and permanent injunction adopting Judge Nunley's TRO order but with modified language allowing Petitioner to request a continuance to be able to adequately prepare for the hearing.  Sacramento Homeless Union v. Cnty. of Sacramento, 617 F. Supp. 3d 1179, 1199 (E.D. Cal. 2022) ("A district court has the authority *sua sponte* to order or modify injunctive relief.") (citing Armstrong v. Brown, 768 F.3d 975, 980 (9th Cir. 2014)).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner Oscar Fernando Murillo Tirado's (A# 246-569-737) petition for habeas corpus (ECF No. 1) be GRANTED as follows:

1.      Respondent must provide another bond hearing within 14 (fourteen) days of any order adopting these findings and recommendations, ***unless petitioner requests a continuance to be able to secure counsel or otherwise prepare for the hearing.***

2.      At the hearing, Respondent bears the burden of demonstrating by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk.

3.      The decisionmaker must consider Petitioner's financial circumstances for bond and alternative conditions of release.  See Hernandez v. Sessions, 872 F.3d 976, 991 (9th Cir. 2017).

4.      At the hearing, Petitioner shall be allowed to have counsel present.

5.      If Petitioner is not found to be a danger to society or flight risk, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the neutral decisionmaker at the hearing.

6.        Within five (5) days of the bond hearing, Respondent must file a notice of compliance and identify the outcome of the bond hearing.

7.        Judgment be entered in favor of petitioner and the Clerk of the Court close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs.  See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 22, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6