UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR FERNANDO M.T.,[1]<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al.,<br><br>Respondents. | No. 2:26-cv-01028-TLN-SCR<br><br>**ORDER** |
| OSCAR FERNANDO M.T.,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | No. 1:26-cv-05871-TLN-AC |

[1] The Court omits Petitioner's full name to protect sensitive information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Cases Related

Examination of the above-captioned actions reveals they are related within the meaning of Local Rule 123(a). The assignment of these matters to the same judge is likely to effect a substantial savings of judicial effort and is likely to be convenient for the parties.

## II. Cases Consolidated

Additionally, the Court orders consolidation of the matters. Federal Rule of Civil Procedure 42(a) allows district courts to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). District courts have broad discretion to consolidate cases and may do so *sua sponte*. *In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) (citing 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2383 at n.37). "In determining whether to consolidate actions, the court weighs the interest of judicial convenience against the potential for delay, confusion, and prejudice caused by the consolidation." *Conerly v. Veracity Research*, No. 2:19-cv-01021-KJM-KJN, 2019 WL 4392415, at *1 (E.D. Cal. Sept. 13, 2019) (citing *Sw. Marine, Inc. v. Triple A. Mach. Shop., Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989)).

The Court finds the above-captioned actions involve common questions of law and arise out of the same facts. Consolidation of these cases serves judicial convenience and will save time, effort, and preserve judicial resources while creating little — if any — potential for delay, confusion, or prejudice. Accordingly, the Court consolidates the two cases for all purposes.

## III. Motion to Enforce

Finally, the Court has reviewed the Petition for Writ of Habeas Corpus in Petitioner's second case (Case No. 1:26-cv-05871-TLN-AC, ECF No. 1), which appears to challenge the adequacy of the bond hearing as ordered in Petitioner's first case (Case No. 2:26-cv-01028-TLN-SCR, ECF No. 17) and, thus, Respondents' compliance with the Court's Order. Accordingly, the Court construes Petitioner's second-filed habeas petition as a Motion to Enforce Judgment.

This matter is referred to the assigned U.S. Magistrate Judge for further proceedings.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED:

1. The cases captioned as *Oscar Fernando M.T. v. Warden of California City Correctional Center, et al.*, Case No. 2:26-cv-01028-TLN-SCR, and *Oscar Fernando M.T. v. Warden of the California City Detention Facility*, Case No. 1:26-cv-05871-TLN-AC, are related and reassigned to District Judge Troy L. Nunley and Magistrate Judge Sean C. Riordan.

2. Further, the cases are consolidated for all purposes under Case No. 2:26-cv-01028-TLN-SCR as the lead case and operative case number. All further proceedings in the consolidated action shall be filed and docketed under only the lead case number.

3. Petitioner's second-filed habeas petition (Case No. 1:26-cv-05871, ECF No. 1) is construed as a Motion to Enforce Judgment. The matter is REFERRED to U.S. Magistrate Judge Sean C. Riordan for all further proceedings.

4. The Clerk of Court shall docket the second-filed habeas petition (Case No. 1:26-cv-05871, ECF No. 1) in the lead case as a "Motion to Enforce Judgment."

5. The Clerk of Court is directed to file this Order in each of the above-referenced cases.

6. The Clerk of Court is directed to close Case No. 1:26-cv-05871. The pending motion to dismiss (ECF No. 9) is DENIED without prejudice to re-file in the lead case.

IT IS SO ORDERED.

Date: August 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE