UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR FERNANDO MURILLO TIRADO (A246-569-737),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br>Respondent. | No. 2:26-cv-01028-TLN-SCR<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I. Factual and Procedural History**

Petitioner, a citizen of Colombia, arrived in the United States in December 2022 and was released into pursuant to a grant of humanitarian parole under 8 U.S.C. § 1182(d)(5). ECF 8 at 19-20. U.S. Immigration and Customs Enforcement (ICE) detained him again in December 2025 after a criminal arrest. Id. at 45-47. On March 23, 2026, Petitioner filed a petition for writ of habeas corpus, alleging that his detention violated the Immigration and Nationality Act and the Due Process Clause of the Fifth Amendment. ECF No. 1. He also filed a motion for temporary restraining order, seeking release or a bond hearing. ECF No. 2. On March 27, 2026, the district

judge assigned to this case granted Petitioner's motion for temporary restraining order, finding that Petitioner's detention violated due process. ECF No. 9. The district judge ordered Respondent to provide a bond hearing in which the Respondent bears the burden of demonstrating by clear and convincing evidence that Petitioner poses a danger to the community or flight risk. Id. The order also directed that Petitioner be allowed counsel at the bond hearing. Id. Pursuant to the Court's order, Petitioner received a bond hearing on March 30, 2026, in which an immigration judge (IJ) denied bond but did not permit a continuance for Petitioner to obtain counsel. ECF No. 10, 12. Petitioner appealed the IJ's bond denial to the Board of Immigration Appeals (BIA). ECF No. 13.

On May 22, 2026, the undersigned recommended that the habeas corpus petition be granted and ordered Respondents to provide another bond hearing in accordance with the terms in the temporary restraining order. ECF No. 14. On June 3, 2026, the district judge adopted the findings and recommendations in full, after consideration of the Respondent's objections. ECF No. 17, 18.

Pursuant to the Court's order, Respondent scheduled a second bond hearing, which Petitioner moved to continue once. ECF 19, 20. Then, on July 21, 2026, Petitioner requested to withdraw his request for bond hearing, and the IJ granted his request without prejudice. ECF No. 21. Petitioner then appealed the IJ's bond decision to the BIA (ECF No. 22) and filed a new petition for writ of habeas corpus in this judicial district, under case number 1:26-cv-05871. ECF No. 25. After Respondent notified the Court of the related case, the district judge related and consolidated the matters and construed the new petition as a motion to enforce judgment. ECF Nos. 23 & 24. Petitioner then filed a motion to amend (ECF No. 27) along with an amended petition (ECF No. 28) and a motion for temporary restraining order. ECF No. 29. Respondent opposed the motion to enforce (ECF No. 30) and requested to seal portions of Petitioner's asylum application in accordance with 8 C.F.R. §§ 208.6, 1208.6. ECF No. 31.

**II. Analysis**

A party requesting enforcement of an injunction must demonstrate, by clear and convincing evidence, that the enjoined party violated a specific provision of the court's order.

Kia America, Inc. v. Rally Auto Group, Inc., Case No. 8:22-cv-00109-JVS-JDE, 2022 WL 17185011 at *2 (C.D. Cal. Oct. 20, 2022) (citing FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). The record does not contain evidence demonstrating that Respondent violated any provision of the Court's order to provide a second bond hearing. Rather, Petitioner requested to withdraw the bond request.

Additionally, Petitioner seeks leave to amend a petition and obtain preliminary relief in a matter in which the Court has already entered judgment. Those post-judgment motions should be denied. See Lindauer v. Rogers, 91 F.3d 1355, 1357 & n. 1 (9th Cir.1996) (finding, in the context of a motion to file an amended complaint, a post-judgment motion may be considered only if the judgment is first reopened under Rule 59 or 60 of the Federal Rules of Civil Procedure).

This Court has already addressed the legality of Petitioner's detention and granted relief. However, to the extent Petitioner has a new basis to challenge the legality of his detention that was not raised prior to judgment or in his motion to enforce judgment, he may file a new petition for writ of habeas corpus.

Accordingly, IT IS ORDERED that Respondent's Request to Seal Documents (ECF No, 31) be GRANTED.

Moreover, IT IS RECOMMENDED that:

1. Petitioner's Motion to Enforce Judgment (ECF No. 25) be DENIED;
2. Petitioner's Motion to Amend (ECF No. 27) be DENIED;
3. Petitioner's Motion for Temporary Restraining Order (ECF No. 29) be DENIED;
4. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The parties are advised that failure to

////

////

////

file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 15, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE